Sheriff John Montgomery, Chair Sheriffs for Four-Year Terms Committee 1706 Ashbriar Drive Mountain Home, Arkansas 72653
Dear Sheriff Montgomery:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the popular name and ballot title for a proposed constitutional amendment. You previously submitted a similar measure which was rejected due to ambiguities in the text of the proposed measure. See Op. Att'y Gen. 2009-088. You have revised the text, and now resubmit the following popular name and ballot title for the amendment:
 Popular Name FOUR-YEAR TERMS OF OFFICE FOR COUNTY SHERIFFS, COUNTY JUDGES, COUNTY CLERKS, CIRCUIT CLERKS, COUNTY TREASURERS, COUNTY COLLECTORS OF TAXES, COUNTY ASSESSORS, COUNTY CORONERS, COUNTY SURVEYORS, AND CONSTABLES
 Ballot Title A CONSTITUTIONAL AMENDMENT CHANGING THE TERM OF OFFICE FOR COUNTY SHERIFFS, COUNTY JUDGES, COUNTY CLERKS, CIRCUIT CLERKS, COUNTY TREASURERS, COUNTY COLLECTORS OF TAXES, COUNTY ASSESSORS, COUNTY CORONERS, COUNTY SURVEYORS, AND CONSTABLES FROM THE CURRENT TWO (2) YEARS TO FOUR (4) YEARS; MAKING THE AMENDMENT *Page 2 
APPLICABLE TO COUNTY SHERIFFS, COUNTY JUDGES, COUNTY CLERKS, CIRCUIT CLERKS, COUNTY TREASURERS, COUNTY COLLECTORS OF TAXES, COUNTY ASSESSORS, COUNTY CORONERS, COUNTY SURVEYORS, AND CONSTABLES WHO ARE ELECTED AT THE 2010 REGULAR ELECTION AND THEREAFTER; AND REPEALING ALL PROVISIONS OF THE ARKANSAS CONSTITUTION IN CONFLICT WITH THE AMENDMENT
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition. Neithercertification nor rejection of a popular name and ballot title reflectsmy view of the merits of the proposal. This Office has been given noauthority to consider the merits of any measure.
In this regard, A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. In addition, following Arkansas Supreme Court precedent, this office will not address the constitutionality of proposed measures in the context of a ballot title review unless the measure is "clearly contrary to law." Kurrus v. Priest, 342 Ark. 434, 29 S.W.3d, 669 (2000); Donovan v. Priest, 326 Ark. 353, 931 S.W.2d 119
(1996); and Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensure that thepopular name and ballot title honestly, intelligibly, and fairly setforth the purpose of the proposed amendment or act. See Arkansas Women'sPolitical Caucus v. Riviere, 283 Ark. 463, 466, 677 S.W.2d 846 (1984). *Page 3 
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555
(1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277,285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418,798 S.W.2d 34 (1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988);Hoban v. Hall, supra; and Walton v. McDonald, 192 Ark. 1155,97 S.W.2d 81
(1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian CivicAction Committee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that the popular name is sufficient as submitted. It is therefore hereby approved as submitted. With regard to the ballot title, a minor change is in my opinion necessary to make *Page 4 
it more suitable and correct. The following ballot title is hereby substituted and certified in order to ensure that, when construed together, the popular name and ballot title accurately set forth the purpose of the proposed amendment:
 Ballot Title A CONSTITUTIONAL AMENDMENT CHANGING THE TERM OF OFFICE FOR COUNTY SHERIFFS, COUNTY JUDGES, COUNTY CLERKS, CIRCUIT CLERKS, COUNTY TREASURERS, COUNTY COLLECTORS OF TAXES, COUNTY ASSESSORS, COUNTY CORONERS, COUNTY SURVEYORS, AND CONSTABLES FROM THE CURRENT TWO (2) YEARS TO FOUR (4) YEARS; AND MAKING THE AMENDMENT APPLICABLE TO COUNTY SHERIFFS, COUNTY JUDGES, COUNTY CLERKS, CIRCUIT CLERKS, COUNTY TREASURERS, COUNTY COLLECTORS OF TAXES, COUNTY ASSESSORS, COUNTY CORONERS, COUNTY SURVEYORS, AND CONSTABLES WHO ARE ELECTED AT THE 2010 REGULAR ELECTION AND THEREAFTER.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers must precede every petition, informing them of the privileges granted by the Constitution and of the penalties imposed for violations of this act. Enclosed herewith, over the signature of the Attorney General, are instructions that should be incorporated in your petition prior to circulation.
Sincerely,
DUSTIN McDANIEL Attorney General *Page 1